NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 20-2287
_____

IN RE: JULIO CHRISTIAN,

Petitioner

_____

On Petition for a Writ of Mandamus to the
United States District Court for the Eastern District of Pennsylvania
(D.C. No. 2:20-cv-03302)
District Judge: Honorable Michael M. Baylson

_____

Submitted Pursuant to Fed. R. App. 21
on August 20, 2020

Before: AMBRO, GREENAWAY, JR., and BIBAS, <u>Circuit Judges</u>

(Opinion filed: September 15, 2020)
_____

OPINION[*]
_____

PER CURIAM

 Julio Christian has filed a petition for a writ of mandamus asking us to grant him relief

on a complaint filed in the United States District Court or the Eastern District of Pennsyl-

vania. We will deny the petition.

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

Christian is an inmate of the State Correctional Institution-Rockview, Bellefonte, Pennsylvania. On May 9, 2020, Christian signed and submitted a pro se complaint to the District Court regarding prison operations and policy changes in response to COVID-19. Christian detailed the modified prison conditions and numerous restrictions, alleging the detrimental effects to his health and infringement of his constitutional rights. Christian then filed this mandamus petition, dated June 16, 2020, asserting that the District Court failed to file and docket his complaint and issue him an application form to allow him to proceed in forma pauperis. Christian declares his entitlement to mandamus relief because the District Court, through its inaction, effectively denied him the right to seek redress. He also seeks the issuance of the declaratory and injunctive relief requested in his complaint.

"Traditionally, the writ of mandamus has been used 'to confine an inferior court to a lawful exercise of its prescribed jurisdiction or to compel it to exercise its authority when it is its duty to do so.'" In re Chambers Dev. Co., Inc., 148 F.3d 214, 223 (3d Cir. 1998) (citations omitted). "The writ is a drastic remedy that 'is seldom issued and its use is discouraged.'" Id. A petitioner must establish that there are no other adequate means to attain the desired relief and that the right to the writ is clear and indisputable. Id.

The District Court's docket reflects that Christian's complaint was filed as of June 30, 2020 and was assigned the docket number E.D. Pa. Civ. No. 20-cv-03302. Because Christian did not remit the filing fee or submit a completed application to proceed in forma pauperis, the District Court allowed Christian thirty days to pay the fee or file a motion for leave to proceed in forma pauperis. Christian submitted a motion and materials for his in forma pauperis motion, filed on the docket as of August 7, 2020. It now appears that the

2

case is progressing in the District Court. Christian may pursue relief on his claims in the normal course of District Court proceedings, and he thus has adequate means to attain relief on his claims. We conclude that mandamus relief is not warranted here.[1]

For the foregoing reasons, we will deny the petition for a writ of mandamus.

---

[1] We add that Christian has filed several documents in this mandamus action requesting relief concerning a different complaint, docketed at E.D. Pa. Civ. No. 20-cv-01424, against the City of Philadelphia and other defendants. As Christian acknowledges, he recently sought mandamus relief regarding that action in C.A. No. 20-1901. For similar reasons stated above, Christian is not entitled to our mandamus intervention to grant the relief that he seeks regarding that matter.